

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00667-CV

**IN THE INTEREST OF T.J.T.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-00560
Honorable Raul Perales, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice

Delivered and Filed: January 21, 2026

AFFIRMED AS MODIFIED, MOTION TO WITHDRAW DENIED

T.T.[1] appeals the trial court's second judgment terminating his parental rights to his child,

T.J.T.[2]

On June 9, 2025, the Texas Department of Family and Protective Services filed an original

petition to modify a prior order and to terminate T.T.'s parental rights to T.J.T. On September 23,

2025, the trial court held a bench trial. At the end of the trial, the trial court found that T.T. had

---

[1]To protect the identity of the minor child, we refer to the appellant and the child by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2]We reversed the trial court's first judgment terminating T.T.'s parental rights to T.J.T. on August 17, 2022. *See In re M.D.A.V. and T.J.T., Children*, No. 04-22-00131-CV, 2022 WL 3372416, at *12 (Tex. App.—San Antonio Aug. 17, 2022, no pet.). Since then, T.J.T. has been in foster care and the Department has remained his managing conservator.

constructively abandoned T.J.T. and that termination of T.T.'s parental rights was in T.J.T.'s best interest.[3] *See* TEX. FAM. CODE § 161.001(b)(1)(N),(2). The trial court signed a judgment terminating T.T.'s parental rights. T.T. timely appealed.

On appeal, T.T.'s court-appointed appellate counsel filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (approving use of *Anders* procedures in appeal from judgment terminating parental rights). Counsel's brief contains a professional evaluation of the record and demonstrates there is no reversible error on which to predicate an appeal. In the brief, counsel concludes that this appeal is frivolous and without merit. In compliance with the procedure set out in *Anders*, counsel has shown that he sent a letter to T.T., which explained T.T.'s right to review the record and file a pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014). Additionally, in the letter to T.T., counsel stated that he had enclosed copies of the brief and the motion to withdraw. *See id*. at 319.

This court then set a deadline for T.T. to file a pro se brief. However, T.T. did not request access to the record or file a pro se brief.

We have reviewed counsel's *Anders* brief and conducted an independent review of the record. We conclude the record contains no reversible error and this appeal is without merit. Nevertheless, our review of the record did reveal a typographical error in the judgment. One letter in T.T.'s first name is incorrect. When all the information necessary to correct a typographical or clerical error in the judgment is before us, we have the authority to modify the judgment so that it speaks the truth. *See* TEX. R. APP. P. 43.2(b); *Silva v. State*, 989 S.W.2d 64, 66 (Tex. App.—San

---

[3]The trial court also found that T.T. used a controlled substance in a manner that endangered the health or safety of the child. *See* TEX. FAM. CODE § 161.001(b)(1)(O). However, only one statutory ground is necessary to affirm a termination judgment under section 161.001(b) when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

Antonio 1998, pet. ref'd); *see also Barboza v. State*, No. 07-17-00023-CR, 2018 WL 1916013, at *3 (Tex. App.—Amarillo Apr. 23, 2018, pet. ref'd) (not designated for publication) (reforming judgment in *Anders* appeal). Therefore, we modify the trial court's termination judgment to properly reflect T.T.'s first name. As modified, we affirm the judgment terminating T.T.'s parental rights.

In conjunction with his *Anders* brief, counsel filed a motion to withdraw, which we deny because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* Tex. Fam. Code § 107.016(2)(B); *In re P.M.*, 520 S.W.3d at 27. After our opinion is handed down, counsel's obligations to his client may be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief. *See In re P.M.*, 520 S.W.3d at 27-28 & n.14.

Adrian A. Spears II, Justice